UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEAN DRULIAS, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ADE CORPORATION, HARRIS CLAY, LANDON T. CLAY, H. KIMBALL FAULKNER, CHRIS L. KOLIOPOULOS AND KENDALL WRIGHT, KLA-TENCOR CORPORATION AND SOUTH ACQUISITION CORPORATION.<br><br>*Defendants.* | Civil Action No. 06-11033 PBS |

## ORDER AND FINAL JUDGMENT

This matter having come before the Court upon a motion for final approval of the terms of a Stipulation of Settlement and Release ("Stipulation") dated as of October 6, 2006, made and entered into by and among Plaintiff on behalf of itself and the members of the Settlement Class (as defined herein), and ADE Corporation ("ADE"), Harris Clay, Landon T. Clay, H. Kimball Faulkner, Chris L. Koliopoulos and Kendall Wright, KLA-Tencor Corporation and South Acquisition Corporation (collectively the "Defendants") in the above-captioned class action lawsuit (the "Action"), by and through their respective attorneys; and the Court, having held a hearing, as noticed, on _____ May 10, 2007 at 3:00 pm (the "Settlement Hearing") to consider the proposed settlement as embodied in the Stipulation (the "Settlement"); and the Court having determined that due and adequate notice has been given in accordance with the Order For Notice and Hearing On Settlement of Class Action (the "Notice Order") and that such notice was adequate and sufficient, and the parties having

appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Action for which the Stipulation provides therein; and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the Notice; and the entire matter of the Settlement having been heard and considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of the Action and, for the purposes of settlement of the Action only, over all parties to the Action, including but not limited to, Plaintiff, all members of the Settlement Class (as defined in paragraph 3), and the Defendants.

2. The Court finds, for purposes of settlement only, that each of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure have been satisfied, in that (a) the Class is so numerous that joinder of all members is impracticable, (b) there are questions of law and fact common to the Settlement Class, (c) the claims or defenses of the representative party are typical of the claims or defenses of the Settlement Class, (d) the representative party and its counsel have fairly and adequately protected the interests of the Settlement Class.

3. The Action is hereby certified a class action, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons or entities who owned ADE common stock at any time from February 22, 2006, through and including October 11, 2006, and all of their successors in interest and transferees, immediate and remote, but not Defendants and persons or entities related to or affiliated with Defendants (the "Settlement Class").

2

4. Plaintiff Dean Drulias is hereby certified as Settlement Class Representative, and The Brualdi Law Firm and Shapiro Haber & Urmy LLP are certified as Settlement Class Counsel.

5. Commencing on or about ___ February 15, 2007 the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") was sent to the Settlement Class pursuant to and in the manner directed by the Notice Order, and full opportunity to be heard has been afforded to all parties, the Settlement Class and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and is due and sufficient notice to the Class members pursuant to Rule 23 of the Federal Rules of Civil Procedure and due process, and it is further determined that all members of the Settlement Class are bound by this Order and Final Judgment.

6. Both the Stipulation filed in the Action and the Settlement are approved as fair, reasonable and adequate, and are hereby approved pursuant to Rule 23 of the Federal Rules of Civil Procedure. The parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Action is hereby dismissed as against all Defendants on the merits and with prejudice and without court costs to any party as against any other party.

8. This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any wrongful acts or omissions have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefore.

9. All claims and rights, whether known or unknown, against the Defendants and their corresponding Released Parties, belonging to Plaintiff and any or all members of

3

Case 1:06-cv-11033-PBS   Document 55   Filed ...

the putative class and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any law, rule or regulation, including the law of any jurisdiction outside the United States) that relate in any way to any violation of state, federal or any foreign country's securities laws, any misstatement or omission, any breach of duty, any aiding and abetting any breach of duty, any negligence or fraud (or any other alleged wrongdoing or misconduct) and also relate in any way to the merger of ADE with a subsidiary of KLA-Tencor, the fiduciary and other duties owed by Defendants to shareholders of ADE in connection therewith, Defendants' disclosure obligations under federal, state or any other law in connection with the Merger, or any other claim related in any way to any of the foregoing (but excluding statutory claims against ADE for appraisal under Part 13 of the Massachusetts Business Corporation Act, ch. 156D and also claims to enforce this Settlement). Additionally, upon the Effective Date the Defendants will have released all claims they may have against Plaintiff or Plaintiff's counsel relating to their filing and prosecution of the Action.

10.  Plaintiff and all members of the Settlement Class are hereby barred and enjoined from asserting, commencing, prosecuting or continuing, either directly, indirectly, individually, representatively, or in any other capacity, any of the Released Claims as against any and all Releasees.

4

Case 1:06-cv-11033-PBS   Document 55         Page 5 of 5

11. This Order and Final Judgment shall not discharge or release any claim to enforce, or any claim arising out of or relating to, any breach of the Stipulation. The Court reserves jurisdiction, without affecting the finality of this Judgment, over the enforcement and administration of the Settlement.

12. Plaintiff Counsel are awarded $478,000 in attorneys fees and $281,548 in reimbursement of expenses, to be paid by KLA-Tencor in accordance with the terms of the Stipulation of Settlement.

13. The Court hereby directs that this Judgment be entered by the Clerk of the Court.

Dated: 5/14, 2007.

_____
The Honorable Patti B. Saris

(without objection)